UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERINI BUILDING COMPANY, INC.,
an Arizona corporation, and PERINI/L.S.
BRINKER, a Michigan joint venture,

    Plaintiffs/Counter-Defendants,

v.                                      Case No. 05-73969

DAVID AGNELLO, an                  HONORABLE AVERN COHN
individual, and TRE BUILDERS, LLC, a
Nevada corporation,

    Defendants/Counter-Plaintiffs.

_____/

# ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
# AND
# DENYING PLAINTIFFS' CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT

This is a business dispute arising out of an employment relationship. Plaintiffs/Counter-Defendants Perini Building Co. and Perini/L.S. Brinker, a joint venture, (collectively, Perini) employed defendant/counter-plaintiff David Agnello (Agnello) who oversaw construction of the temporary MGM Grand casino in Detroit, Michigan on behalf of Perini. Agnello was also involved in negotiations with MGM Mirage, Inc. (MGM) for the building on the permanent casino on behalf of Perini. Agnello left Perini and later formed his own company, defendant/counter-plaintiff Tre Builders (Tre) and eventually obtained work on the permanent casino which Perini anticipated performing. Perini sued suing Agnello, asserting the following claims:

| | |
|---|---|
| Count I | Breach of contract |
| Count II | Breach of Fiduciary Duty |
| Count III | Tortious interference with Contract |
| Count IV | Tortious interference with business expectancy |
| Count V | Violation of Trade Secrets Act |

Agnello and Tre Builders filed a counter-complaint, asserting the following claims:

| | |
|---|---|
| Count I | Breach of Contract |
| Count II | Defamation |
| Count III | Tortious Interference with business relationship/expectancy |

Before the Court is Agnello's motion for summary judgment on all of Perini's claims[1] and Perini's cross motion for partial summary judgment on Agnello's defamation[2] and tortious interference claims.

For the reasons stated on the record on August 8, 2007, the motions are

---

[1] Perini has indicated that it will dismiss its trade secrets claim.

[2] Perini argues that the defamation claim must be dismissed because, inter alia, Agnello failed to state the claim with the required particularity. The counter-claim reads as follows:
>  Perini, through corporate officers, including Caspers, Shaw and Richard Rizzo . . . , have told numerous third-parties since May 9, 2005, including officials at MGM and Thor Contracting, that Agnello stole from Perini.

Counter-compl. at ¶ 24. Although this allegation alone is insufficient to plead a defamation claim, discovery has further fleshed out the specifics of the claim and Perini has been able to defend against it. Agnello in particular relies on its response to Perini's interrogatory request in which Agnello detailed 35 specific instances (numbered a.-h., some with subparts) of defamatory statements. Agnello's discovery response is attached as Exhibit 17 to its response. Agnello asks to amend his counter-claim to incorporate this information. Given that Perini waited until this late date to move to dismiss on the grounds of lack of particularity and that Agnello has further detailed his defamation claim, the claim is not subject to dismissal on this ground. Also, given that Perini has known of the specifics of the claim, as evidenced by the other arguments advanced in their motion, there is no harm in permitting Agnello to file an amended counter-claim consistent with the information in Exhibit 17.

2

DENIED.

SO ORDERED.

                                              s/Avern Cohn
                                              AVERN COHN
                                              UNITED STATES DISTRICT JUDGE

Dated: August 9, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, August 9, 2007, by electronic and/or ordinary mail.

                                              s/Julie Owens
                                              Case Manager, (313) 234-5160